# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| JOHN MOUSER | : | Case No. 1:12-cv-819 |
| | : | |
| Plaintiff, | : | Judge _____ |
| | : | |
| v. | : | |
| | : | |
| ERNST ENTERPRISES, INC. | : | |
| ERNST CONCRETE | : | |
| ERNST CONCRETE PRODUCTS | : | **COMPLAINT WITH JURY DEMAND** |
| 3361 Successful Way | : | |
| Dayton, OH 45413 | : | |
| | : | |
| Defendant. | : | |

Plaintiff John Mouser, complaining of Defendant Ernst Enterprises, Inc., a.k.a. Ernst Concrete, a.k.a. Ernst Concrete Products states as follows:

## PARTIES

1. Plaintiff John Mouser ("Plaintiff") is a resident and citizen of the State of Ohio.

2. Defendant Ernst Enterprises, Inc., a.k.a. Ernst Concrete, a.k.a. Ernst Concrete Products ("Ernst Concrete" or "Defendant") is an Ohio corporation doing business in Ohio.

3. Defendant is an employer under federal and Ohio law.

## JURISDICTION AND VENUE

4. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. § 1331 because the action arises under the laws of the United States. Plaintiff's Count I arises under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., Count IV arises under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., and Count V arises under the Employee Retirement Income Security Act of 1974  29 U.S.C. § 1002  et. seq.

5. This Court has supplemental jurisdiction over the remaining Counts pursuant to 28 U.S.C. § 1367 because they arise out of the same set of operative facts as those relevant to Counts I, IV and V so as to make them part of the same case in controversy.

6. Venue is proper in the Southern District of Ohio, Western Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to these claims occurred in this district.

7. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") under its worksharing agreement with the Ohio Civil Rights Commission fewer than 300 days after being notified of his termination.

8. Plaintiff was issued a Notice of Right to Sue, and this Complaint is filed within 90 days of receipt of the Notice.

## FACTUAL ALLEGATIONS

9. Plaintiff was born in 1957 and has a real or perceived disability and/or a record of a disability.

10. Plaintiff began his employment with Defendant and their predecessors in interest in January 2003.

11. Plaintiff was a loyal and dedicated employee of Defendant and was fully qualified for his positions at all times.

12. Plaintiff's last position with Defendant was as a Batchman and Dispatcher at Defendant's Batavia plant.

13. While Plaintiff was employed with Defendant and until his termination, his wife, Connie Mouser, suffered from a chronic illness that required expensive treatment and medications.

14. At all relevant times, Defendant provided health insurance and disability benefits to Plaintiff and health insurance benefits to his wife.

15. Plaintiff has suffered from a mobility disability affecting his back areas since at least November 2010, and at all relevant times his disability significantly impacted several life activities, including his ability to move, lift, work, and bend.

16. Defendant was aware of Plaintiff's disability and record of a disability, because he took time off in November 2010 for his disability.

17. On information and belief, Plaintiff's and his wife's illnesses and disabilities caused Defendant significant expense because Plaintiff and his wife availed themselves of Defendant's ERISA benefits to pay for treatment.

18. Defendant's managers made several remarks about high increases in the cost to Defendant to provide health insurance.

19. Plaintiff requested accommodations for his disability, including a request for FMLA leave shortly before Defendant temporarily closed the Batavia plant between December 2010 and March 2011.

20. Plaintiff properly notified Defendant of his need and reason for leave.

21. When the plant reopened in March 2011, Defendant informed Plaintiff for the first time that his performance had been unsatisfactory and that he was terminated as a result.

22. The company had a practice of demoting or transferring non-performing workers in the past, but Defendant did not demote and/or transfer Plaintiff to other open positions for which he was qualified.

23. Other younger, and/or non-disabled employees who did not create high benefits costs and/or request FMLA leave were retained in lieu of Plaintiff, and he was replaced by a

younger, non-disabled person who did not cause high benefits costs and did not request FMLA leave.

24. On information and belief, Defendant terminated at least one other older worker whose wife had a chronic illness around the time that Plaintiff was terminated.

## COUNT I

### (Age Discrimination – ADEA)

25. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

26. Plaintiff is over 40 years old.

27. Plaintiff was fully qualified for his position at all relevant times.

28. Defendant's conduct in discriminating against Plaintiff includes, but is not limited to, treating him less favorably than similarly situated younger employees and retaining and hiring significantly younger employees and terminating his employment on account of his age in violation of the ADEA.

29. Defendant's conduct was intentional, willful, wanton, malicious, and in reckless disregard of Plaintiff's legal rights.

30. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered injury and damage, and he is entitled to relief.

## COUNT II

### (Age Discrimination – O.R.C. Chapter 4112)

31. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

32. Plaintiff is over 40 years old.

33. Plaintiff was fully qualified for his position at all relevant times.

34. Defendant's conduct in discriminating against Plaintiff includes, but is not limited to, treating him less favorably than similarly situated younger employees and retaining

and hiring significantly younger employees and terminating his employment on account of his age in violation of O.R.C. Chapter 4112.

35. Defendant's conduct was intentional, willful, wanton, malicious, and in reckless disregard of Plaintiff's legal rights.

36. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered injury and damage, and he is entitled to relief.

## COUNT III

### (Disability Discrimination & Retaliation – O.R.C. Chapter 4112)

37. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

38. Plaintiff was fully qualified for his position at all relevant times.

39. Defendant discriminated against Plaintiff because of his disability, because it perceived him as disabled, and/or because of his record of a disability by treating him less favorably than similarly situated non-disabled employees and terminating his employment on account of his perceived or real disability, or record of disability, in violation of O.R.C. Chapter 4112.

40. Plaintiff requested a reasonable accommodation for his disability.

41. Defendant intentionally, willfully, and wantonly retaliated against Plaintiff after he requested accommodation for his disability, including but not limited to terminating Plaintiff's employment.

42. Defendant's conduct was intentional, willful, wanton, malicious, and in reckless disregard of Plaintiff's legal rights.

43. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered injury and damage, and he is entitled to relief.

## COUNT IV

### (FMLA Retaliation-Interference)

44. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

45. Plaintiff suffered from a serious health condition as defined under the FMLA.

46. Plaintiff exercised his rights by requesting and taking medical leave.

47. Plaintiff properly notified Defendant of his need and reasons for FMLA leave.

48. Defendant interfered with Plaintiff's FMLA rights.

49. Defendant terminated Plaintiff's employment in retaliation for Plaintiff exercising his FMLA rights and to interfere with his future access to FMLA leave.

50. Defendant's conduct was intentional, willful, wanton, malicious, and in reckless disregard of Plaintiff's legal rights.

51. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered injury and damage, and he is entitled to relief.

## COUNT V

### (ERISA Retaliation-Interference)

52. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

53. Defendant granted certain employee benefits to Plaintiff.

54. Plaintiff exercised his right to his employee benefits covered by ERISA.

55. Defendant terminated Plaintiff's employment in retaliation for Plaintiff exercising his right to ERISA benefits.

56. Defendant knowingly terminated Plaintiff's employment to avoid providing these benefits and to interfere with his exercise of those benefits in violation of ERISA.

57. Defendant's conduct was intentional, willful, wanton, malicious, and/or in reckless disregard of Plaintiff's rights.

58. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages for which he is entitled to judgement and recovery.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a) That Plaintiff be reinstated to his employment;

(b) That Plaintiff be awarded all lost pay and benefits, and front pay;

(c) That Plaintiff be awarded compensatory damages;

(d) That Plaintiff be awarded liquidated damages;

(e) That Plaintiff be awarded punitive damages;

(f) That Plaintiff be awarded reasonable attorneys' fees and costs;

(g) That Plaintiff be awarded prejudgment interest;

(h) That Plaintiff be compensated for the adverse tax consequences of receiving a lump sum award rather than his compensation over several, separate tax years; and

(i) That Plaintiff be awarded all other legal and equitable relief to which he may be entitled.

Respectfully submitted,

/s/ Elizabeth S. Loring
Elizabeth S. Loring (0076542)
Trial Attorney for Plaintiff
FREKING & BETZ, LLC
525 Vine Street, Sixth Floor
Cincinnati, OH  45202
(513) 721-1975/Fax: (513) 651-2570
*eloring@frekingandbetz.com*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Elizabeth S. Loring